UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-20217-JB

ADAN SANCHEZ-MORALEZ,

    Petitioner,

v.

FIELD OFFICE DIRECTOR,
Miami Field Office,
U.S. Immigration and
Customs Enforcement, *et al.*,

    Respondents.

_____/

**<u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS CAUSE** comes before the Court upon Petitioner Adan Sanchez-Moralez's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response in Opposition to the Verified Petition for Writ of Habeas Corpus and Petitioner filed a Traverse. ECF Nos. [8], [10]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

**I.   BACKGROUND**

Petitioner is a Mexican national who has resided in the United States since 2006. ECF No. [1] ¶¶ 1–2. Petitioner has no criminal history. ECF No. [8-2] at 3. On August 6, 2020, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section

1

212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a).  ECF Nos. [1] ¶ 5, [8-3] at 1.

After a traffic stop, Petitioner was transferred to the custody of the United States Immigration and Customs Enforcement ("ICE").  ECF Nos. [1] ¶ 6, 8, 36, [8-1] ¶10.  Petitioner is currently being held at the Krome North Services Processing Center ("Krome") in Miami, Florida.  ECF Nos. [1] ¶ 10, [8-1] ¶ 15.

On January 6, 2026, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") for a bond hearing.  ECF Nos. [1] ¶ 9, [1-3] at 11, [8-1] ¶ 12, [8-8].  The IJ denied bond without conducting a dangerousness or risk of flight determination, concluding that the court lacked jurisdiction over Petitioner's detention status pursuant to the Board of Immigration Appeals' ("BIA") published decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which found that IJs lack authority to consider bond requests of noncitizens who have resided in the United States but have not been admitted or paroled because those individuals are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2).  *See id.*; 29 I. & N. Dec. at 221.  Petitioner's most recent hearing in his immigration case was scheduled for February 5, 2026.  ECF No. [8-9].

On January 13, 2026, Petitioner filed the instant Petition.  ECF No. [1]. Petitioner raises two claims.  Count I alleges that Petitioner is a *Bautista* class member and therefore he is a beneficiary of the declaratory relief ordered in that case.

*Id.* ¶¶ 59–64. Count II alleges that Petitioner's continued detention without a bond hearing contravenes the INA because the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was improperly applied to him, as a person who previously entered the United States and was residing in the country before being placed in removal proceedings. *Id.* ¶¶ 50, 65–69. Petitioner requests that the Court "grant [Petitioner] an injunction compelling the [Respondents] to comply with the class wide declaratory relief ordered by the District Court in *Bautista v. Santacruz*" and "[g]rant [Petitioner] a writ of habeas corpus" and order Respondents to provide Petitioner with a "custody redetermination hearing before an immigration judge in accordance with 8 U.S.C. ¶ 1226(a)." *Id.* at 14(e), (f).

Petitioner also requests attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 & 5 U.S.C. § 504 *et seq.* *Id.* at 15(g).

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. The Central District of California's Decision in *Bautista*

As a preliminary matter, Respondents do not contest Petitioner's declaration that he is a member of the class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). Instead, Respondents argue that the declaratory relief issued by the court in *Bautista* has no coercive or preclusive effect over this case, and therefore, this Court must "independently determine what statutory provision controls Petitioner's detention." ECF No. [8] at 9–10.

For the following reasons, the Court agrees that *Bautista* has no bearing on this habeas petition here because the petitioners in *Bautista* did not seek nationwide declaratory habeas relief. *Bautisa,* 2025 WL 3713987, at *14. Indeed, the *Bautista* court noted that even if the petitioners there had sought habeas relief for the class, "such relief could extend only to members of the Bond Eligible Class residing within this judicial district." *Id.*; *id.* at *30 ("To the extent Petitioners seek habeas relief for class members in immigration detention outside of this judicial district, the Court reiterates such an action would be *ultra vires*; there is no habeas jurisdiction to do so."). As such, whether Petitioner is a member of the class is of no moment to this Court's consideration of his pending habeas.

### B. Legality of Petitioner's Mandatory Detention

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for

4

a bond hearing. ECF No. [8] at 4–9. Petitioner asserts that his detention is governed by 8 U.S.C. section 1226(a), which allows for the release of noncitizens on bond. ECF Nos. [1] ¶ 69, [10] at 1–6. The Court examines each of these statutes in turn.

### i.  8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[1] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id*. at 289 (emphasis added).

"Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id*. Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a "fear of persecution," the statute requires referral to an interview with an immigration officer. *Id*. § 1225(b)(1)(A)(ii). If the immigration

---

[1] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.  8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588,

6

at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii. Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, DHS proceeded under section 1226. The NTA that DHS issued to Petitioner did not classify him as an "arriving alien." ECF No. [8-3] at 1. Instead, the NTA charged him as "present in the United States without admission or parole." *Id*. This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also*

*Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, at *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera v. Tindall,* No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's

interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.,* No. 25-24535-CIV, 2025 WL 2938369 at *3–6 (S.D. Fla. Oct. 15, 2025); *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609 at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717 at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ. As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination rests on an incorrect statutory interpretation and contravenes the INA. Accordingly, Count II of the Petition is meritorious, and Petitioner is entitled to relief thereon. Given that the Court is granting relief on Count II, Petitioner's claim in Count I is dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Adan Sanchez-Moralez's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**.

    2.    Count I of the Petition is **DISMISSED WITHOUT PREJUDICE**.

    3.    The Clerk is directed to **CLOSE** this case.

    4.    **DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of February, 2026.

_____
**JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE**